UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ANGEL VENTURA, *et al.*,       )
                                       )
      Plaintiffs,              )
                                       )
      v.                       )   Civil Action No. 06-01570(RJL)
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Defendant.               )
                                       )

**STIPULATION FOR COMPROMISE SETTLEMENT, RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677 AND DISMISSAL**

It is hereby stipulated by and between the undersigned Plaintiff, Miguel Angel Ventura, (including any person, other than the Defendant, signing this agreement, whether or not a party to this civil action), and the United States of America (collectively referred to hereafter as "the parties"), by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement, Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 and Dismissal (hereinafter "Stipulation"), which is the exclusive agreement between the parties.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This Stipulation

is entered by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act ("FTCA") and avoiding the expenses and risks of further litigation.

3. <u>Payment by Defendant</u>. The United States of America agrees to pay the sum of $6,040.00 to Plaintiff Ventura, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

4. <u>Payment Terms</u>. Payment of the settlement amounts specified in paragraph 3 will be made by separate check drawn on the Treasury of the United States for $6,040.00 made payable to Plaintiff, Miguel A. Ventura, and to Michael L. Avery, Esquire, his attorney. The check will be mailed to Plaintiff's Counsel at the following address: 1331 H Street N.W., Suite 902, Washington, D.C. 20005. Plaintiff's Counsel agrees to distribute the settlement proceeds in a manner consistent with this agreement. Payment by Defendant shall be made within a reasonable amount of time, consistent with the normal processing procedures of Defendant's Counsel. Defendant's Counsel shall promptly prepare and submit all required documentation for processing of this payment, and Plaintiff and Plaintiff's Counsel shall cooperate with Defendant's Counsel to insure that such documentation is complete and accurate.

5. <u>Attorney's Fees and Costs</u>. The parties agree that any attorney fees owed by Plaintiff in this FTCA suit against the United States shall not exceed 25% of the settlement amounts. *See* 28 U.S.C. § 2678. The parties further agree that any such attorney fees, along with any of Plaintiff's costs and expenses of said action against the United States and any costs, expenses, or fees (including legal fees) associated with obtaining any court approval of this settlement shall be paid out of the amount paid pursuant to Paragraph 3, above, and not in addition thereto. The respective parties will otherwise each bear their own costs, fees, and expenses.

6. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the

prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

7. <u>Tax Liability</u>. It is understood that Plaintiff will assume full responsibility for any and all tax consequences of receipt of any payment.

8. <u>Agreement to Dismissal with Prejudice</u>. The above-captioned civil action, Plaintiff agrees, is dismissed with prejudice, except that the Court shall have jurisdiction to enforce the terms hereof, with each party to bear its own costs and attorneys fees.

9. <u>No Further Proceedings</u>. Plaintiff agrees that Plaintiff shall not hereafter institute or prosecute any other civil action, administrative proceeding, or other proceeding of any type against the United States, the U.S. Secret Service, or any present or former employee, agent, representative, or contractor of those entities with respect to any matter arising from or by reason of the allegations of negligence in the Complaint.

10. <u>Public Disclosure</u>. The parties agree that this Stipulation, including all the terms and conditions thereof and any additional agreements relating directly thereto (if any exist), may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

11. <u>No Duress</u>. Plaintiff represents and warrants that, in entering into and executing this Stipulation: (a) he has relied on his own investigation or on the investigation of his own counsel; (b) he has been given a reasonable period of time within which to consider the terms and conditions of this Stipulation; and (c) he has had a full opportunity to consider, and to consult with his attorney about, the terms of this Stipulation and voluntarily enter into this Stipulation without duress, coercion or undue influence.

12. **Binding Effect.** This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors, and assigns. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

13. **Complete Agreement.** This Stipulation sets forth the full and complete agreement of the parties concerning the resolution of Plaintiff's claims arising from or by reason of the allegations of negligence in the Complaint. There are no additional obligations, either oral or written, to be performed by any party beyond those set forth herein.

14. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

IN WITNESS WHEREOF, the parties hereto, intending to be bound, have stipulated and agreed to the foregoing.

SO AGREED AND STIPULATED:

_/s/ Michael L Avery_
Michael L Avery, Esquire
1331 H Street, N.W.,
Suite 902
Washington, D.C. 20005

Counsel for the Plaintiff

DATE: 9/05/07

_/s/ Miguel A. Ventura_
MIGUEL A. VENTURA
Plaintiff

DATE: 9-5-07

_/s/ Jeffrey A. Taylor_
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/ Rudolph Contreras_
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/ Sherease Louis_
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office

555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895

Counsel for Defendant

DATE: 9-11-07

It is So Ordered, this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE